*Reai>, J.
Several errors are assigned in this case; but,from the view taken by the court, it is only necessary to consider one, and that one as to the sufficiency of the declaration.
Section 4 of the act directing the mode of trial in criminal cases, authorizes a single judge to take a recognizance for the discharge of a prisoner, and directs that he shall forthwith deposit it with the clerk of the court of common pleas.
Section 8 of the practice .act provides, that whenever any recognizance shall be returned to any court of common pleas by a justice of the peace or other officer authorized to take such recognizance, a memorandum thereof shall be entered in the minute-book of the court; whereupon the same shall be considered of record in such court, and proceeded on by process issuing out of said court, in the same manner as if such recognizance had been *228 entered into before such court, and the same recognizance shall be made out and recorded in full, in the book of records of said court, in the same manner as recognizances taken in such court.
The statute makes it requisite that a recognizance, to bo of any validity, should be of record. To make it a record, there must be a memorandum of its return entered upon tho minute-book of the court. The declaration contains no averment that a memorandum of the return of this recognizance was entered upon tho minute book of the court, nor does it count upon it as a record.
It is not good under the statute, and not valid as a common-law bond. Hence the declaration is defective, and will not support the judgment. Judgment reversed.